IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICKEY C. WATSON FEATHERSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. _____ |
| ) | |
| J.C. PENNEY CORPORATION, INC., ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

COMPLAINT

Mickey C. Watson Featherston (hereafter referred as "Mickey Watson"), Plaintiff, for her cause of action against J.C. Penney Corporation, Inc., Defendant, states as follows:

1. Mickey Watson is a citizen and resident of Pigeon Forge, Sevier County, Tennessee.

2. J.C. Penney Corporation, Inc. is a corporation organized and existing pursuant to the laws of the State of Delaware. J.C. Penney Corporation, Inc. has a place of business in Anderson County, Tennessee located at 333 Main Street, Oak Ridge, Tennessee 37830 and the corporation may be served with process through its registered agent CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

3. The Defendant is an employer subject to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. and Tenn. Code Ann. § 4-21-101, et seq.

4. Jurisdiction in this matter is founded upon 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 2000e-5(f). This Court may exercise pendant jurisdiction over the state law claims. Venue is proper under the provisions of 28 U.S.C. § 1391.

5. Mickey Watson is female. Mickey Watson is over the age of forty, her date of birth being May 15, 1951.

6. J.C. Penney Corporation, Inc. is an employer engaged in an industry affecting commerce and upon information and belief employs more than 20 regular employees.

7. Mickey Watson was first hired to work by the Defendant on or about August 24, 2009, as a hairstylist in the J.C. Penney Salon located in the J.C. Penney store at 333 Main Street, Oak Ridge, Tennessee 37830.

8. During her employment with the Defendant, Mickey Watson performed her duties in a satisfactory manner until the harassment and retaliation described in this Complaint caused her productivity standards to fall.

9. During her employment, Mickey Watson was subjected to unwelcome remarks about her age and numerous direct comments that were sexually toned in nature or were direct sexual remarks by Tina Corridan, the J.C. Penney store manager. The unwelcome sexual and age based remarks began in May 2010 and resulted in the work environment being a hostile work environment based both on age and sex.

10. As one example of sexual harassment, Tina Corridan began making comments to Mickey Watson and other employees about Mickey Watson's breast size calling them "humongous." On one occasion, Tina Corridan came up to Mickey Watson, gave her a hug, and said "rub those big bazookas up against me."

11. On another occasion, Tina Corridan came up and hugged Mickey Watson and pressed her breast against the face of Mickey Watson. In order to do so, Tina Corridan had to stand on her "tip toes."

12. Tina Corridan did and said other things which were sexually suggestive and made other physical contact with Mickey Watson that was unwelcome.

13. Tina Corridan also made numerous unwelcome age related comments to Mickey Watson and to other employers about Mickey Watson while Mickey Watson was present. For example, Tina Corridan told other employers that Mickey Watson was 79 years old even though she was 59 years old at the time.

14. On numerous occasions while she was employed by J.C. Penney Corporation, Inc., Mickey Watson told her supervisor, Tanaquil Bomar, that the comments and actions made by Tina Corridan were not welcome.

15. Mickey Watson also reported the harassment based upon her age and sex to the J.C. Hotline, a hotline established by J.C. Penney Corporation to handle human resource issues. Tina Corridan continued the harassment after the complaints were made and treated Mickey Watson horribly and differently from the other employees.

16. When other employees heard the statements from Tina Corridan and saw her actions they too began making similar comments. The harassment by Tina Corridan and other employees continued up until the last day of employment of Mickey Watson of September 9, 2010.

17. Tina Corridan harassed Mickey Watson in front of other management personnel of J.C. Penney Corporation, Inc., specifically Tanaquil Bomar.

18. Tina Corridan had supervisory authority over the terms and conditions of the employment of Mickey Watson.

19. After Mickey Watson complained about the hostile and discriminatory work environment, Tina Corridan began a systematic campaign to retaliate against Mickey Watson for her complaints. Tina Corridan moved Mickey Watson's work station to an isolated corner and gave her previous station to a new younger associate even though Tanaquil Bomar said to leave her work station in place. Mickey Watson felt Tina Corrridan was trying to get rid of her. Tina Corridan also called Mickey Watson a troublemaker in front of other employees.

20. Although the Defendant was aware or should have been aware of the sexual harassment and age based harassment from Tina Corridan directed to Mickey Watson as well as the retaliation, the Defendant failed to protect Mickey Watson from the illegal actions of Tina Corridan.

21. Mickey Watson was constructively terminated by being forced to resign her employment on September 9, 2010.

22. The Plaintiff's submission to the unwelcome advances of Tina Corridan was an express or implied condition of receiving job benefits and a refusal of the Plaintiff to submit to the sexual advances of Tina Corridan resulted in a tangible job detriment, thus constituting quid pro quo sexual harassment.

23. The actions and statements of Tina Corridan were uninvited and unwelcome on the part of the Plaintiff and made her workplace a hostile and abusive environment. The conduct was sufficiently severe or pervasive to alter the conditions of employment and create a hostile working environment prohibited by 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1991, the Age Discrimination in Employment Act, and Tenn. Code Ann. § 4-21-101 et seq.

24. As a result of the actions of the Defendant, Mickey Watson filed a timely charge of sexual discrimination, sexual harassment, age discrimination, age harassment, and retaliation on or about September 10, 2010, with the Equal Employment Opportunity Commission (EEOC) a copy of which is attached hereto as Exhibit A. Reference is made to that charge and Exhibit A is incorporated herein by express reference.

25. On or about November 25, 2011, Mickey Watson received a Dismissal and Notice of Rights from the EEOC. The Notice is dated November 22, 2011. A true and correct copy of the Notice is attached hereto as Exhibit B and is incorporated herein by express reference.

26. Mickey Watson has satisfied all of the procedural and administrative requirements of Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, by filing a timely written charge of discrimination with the U.S. Equal Employment Opportunity Commission and filing this Complaint within ninety days from the receipt of the Notice of Rights.

## COUNT ONE

### SEXUAL HARRASMENT - HOSTILE WORK ENVIRONMENT

27. The Plaintiff re-alleges the allegations contained in Paragraphs 1 through 26.

28. The conduct of the Defendant constitutes discrimination against the Plaintiff affecting a term, condition, or privilege of employment because of her sex in violation of 28 U.S.C. § 2000e et seq. and the Civil Rights Act of 1991.

29. Defendant is strictly liable for the actions of Tina Corridan, in that the acceptance or rejection of her sexual pressure and sexual comments was an express or implied condition to receive by Plaintiff of certain job benefits and the cause of certain job detriments and the

Plaintiff was constructively terminated in retaliation for rejecting the sexual demands and comments of Tina Corridan and for complaining about the same.

30. In the alternative, Defendant is responsible and liable for the actions of Tina Corridan under the doctrine of respondeat superior under agency principles because of the supervisory position of Tina Corridan and because the defendant knew or should have known of her actions and failed to take prompt, effective, and complete remedial action. By this failure, Defendant acquiesced in, approved, and ratified the actions.

31. As a result of the Defendant's actions, the Plaintiff has lost tangible job benefits including loss of income and benefits past and future and has suffered and will continue to suffer irreparable injury, emotional distress, and pain and suffering and other nonpecuniary losses as a direct result of Defendant's actions and failure to act.

32. The actions and failure to act of the Defendant as set forth herein were intentional, malicious or with reckless indifference to Plaintiff's rights such as to justify the imposition of punitive damages.

## COUNT TWO

### SEXUAL HARRASMENT – RETALIATION

33. The allegations of Paragraphs 1 through 32 are incorporated herein by reference.

34. The retaliatory actions of the Defendant violated the provisions of 42 U.S.C. § 2000e et seq. and the Civil Rights Act of 1991.

35. The Defendant is responsible for the retaliatory actions of its agents and employees under the doctrine of respondeat superior and under agency principles.

36. As a result of the retaliation, the Plaintiff has lost tangible job benefits including a loss of income and benefits both past and future, and has suffered and will continue to suffer

irreparable injury, emotional distress, and pain and suffering and other nonpecuniary losses as a direct result of Defendant's actions and failure to act.

37. The actions and failure to act of the Defendant as set forth herein were intentional, malicious, or with reckless indifference to Plaintiff's rights, such as to justify the imposition of punitive damages.

## COUNT THREE

## AGE DISCRIMINATION IN EMPLOYMENT ACT

38. Mickey Watson hereby incorporates Paragraphs 1 through 37 of her Complaint as if set forth fully.

39. J.C. Penney Corporation, Inc. is an employer as defined under the Age Discrimination in Employment Act.

40. Mickey Watson is a sixty-one year old woman and was fifty-nine years old during her employment with the Defendant.

41. Mickey Watson was an employee as defined under the Age Discrimination in Employment Act.

42. J.C. Penney Corporation Inc., illegally discriminated against Mickey Watson because of her age and, among other things, J.C. Penney Corporation Inc. treated her less favorably than other similarly situated younger employees.

43. J.C. Penney Corporation Inc.'s discriminatory acts of Mickey Watson were intentionally, reckless and willful and in violation of the Age Discrimination in Employment Act.

44. The Defendant did not implement or have in force at its facility an effective or useful procedure whereby Mickey Watson could report or seek redress for the harassment and

intimidation inflicted upon her. Further, the Defendant negligently and recklessly employed, supervised, monitored, and retained Plaintiff's Supervisors as its supervisor/manager.

45. The Defendant's actions constitute willful and intentional violations of the Age Discrimination in Employment Act, for which it is responsible. These violations entitle Mickey Watson to all civil remedies recoverable under the Age Discrimination in Employee Act, including without limitation back pay, front pay, lost fringe benefits, expert witness fees, attorney's fees and expenses, prejudgment interest, and costs; as well as compensatory and punitive damages. J.C. Penney Corporation, Inc. is liable as the employer and principal of its agents and employees.

## COUNT FOUR

## AGE DISCRIMINATION IN EMPLOYMENT ACT – RETALIATION

46. The allegations of Paragraphs 1 through 45 are incorporated herein by reference.

47. The retaliatory actions of the Defendant violated the provisions of the Age Discrimination in Employment Act.

48. The Defendant is responsible for the retaliatory actions of its agents and employees under the doctrine of respondeat superior and under agency principles.

49. As a result of the retaliation, the Plaintiff has lost tangible job benefits including a loss of income and benefits both past and future, and has suffered and will continue to suffer irreparable injury, emotional distress, and pain and suffering and other nonpecuniary losses as a direct result of Defendant's actions and failure to act.

50. The actions and failure to act of the Defendant as set forth herein were intentional, malicious, or with reckless indifference to Plaintiff's rights, such as to justify the imposition of punitive damages.

## COUNT FIVE

## STATE LAW AGE AND SEX BASED DISCRIMINATION

51. Plaintiff re-alleges the allegations contained in Paragraph 1 through Paragraph 50.

52. The conduct of the Defendant constitutes discrimination against the Plaintiff affecting a term, condition, or privilege of employment because of her gender and age in violation of Tenn. Code Ann. § 4-21-101 et seq.

53. The Defendant is strictly liable for the actions of Tina Corridan in that the acceptance or rejection of her sexual pressure was an expressed or implied condition to receipt by the Plaintiff of certain job benefits and the cause of certain tangible job detriments and the Plaintiff was constructively terminated in retaliation for rejecting the sexual demands and comments of Tina Corridan and for complaining about the same.

54. In the alternative, the Defendant is responsible and liable for the conduct of Tina Corridan under the doctrine of respondeat superior because of her supervisory position and because the Defendant knew or should have known of her actions and failed to take prompt, effective, and complete remedial action. By this failure, the Defendant approved and ratified the actions of Tina Corridan.

55. As a result of the actions of the Defendant, the Plaintiff has lost tangible job benefits including a loss of income and benefits both in the past and in the future, and has suffered and will continue to suffer irreparable injury, emotional distress, pain and suffering, and other pecuniary losses as a direct result of the actions of the Defendant.

56. The actions of the Defendant as set forth herein were intentional, malicious, or with reckless indifference to the rights of the Plaintiff such as to justify the imposition of punitive damages.

9

## COUNT SIX

### STATE LAW RETALIATION

57. The allegations of Paragraphs 1 through 56 are herein incorporated by reference.

58. The retaliatory actions of the Defendant violates the provisions of Tenn. Code Ann. §4-21-101 et seq.

59. The Defendant is responsible for and liable for the retaliatory actions of its agents and employees under the doctrine of respondeat superior and under agency principles.

60. As a result of the retaliation, the Plaintiff has lost tangible job benefits including a loss of income and benefits both in the past and in the future and has suffered and will continue to suffer irreparable injury, emotional distress and pain and suffering, and other nonpecuniary losses as a direct result of the Defendant's actions and failure to act.

61. The actions and failure to act of the Defendant as set forth herein were intentional, malicious, or with reckless indifference to the Plaintiff's rights such as to justify the imposition of punitive damages.

WHEREFORE, Mickey C. Watson Featherston, Plaintiff, respectfully prays as follows:

1. That proper process issue to the Defendant requiring response to this Complaint within the time allowed by law.

2. That Mickey Featherston Watson be awarded back pay, front pay, and other compensatory damages against the Defendant in the full amount allowed by law, up to and including $500,000.00.

3. That Mickey Watson be awarded punitive damages against the Defendant in the amount of $500,000.00.

4. That the Plaintiff be awarded pre-judgment interest.

5. That the Plaintiff be awarded her attorney fees pursuant to the provisions of 42 U.S.C. § 2000e-5(h) and the Age Discrimination in Employment Act.

6. That all costs and discretionary costs of this action be taxed to the Defendant.

7. That a jury be empaneled for this cause of action.

8. That the Plaintiff be awarded such other and further relief to which she may prove entitled.

Respectfully submitted,

*/s/ Mickey C. Watson Featherston*
Mickey C. Watson Featherston

OF COUNSEL:

HAGOOD, TARPY & COX, PLLC

By: *[signature]*
Thomas M. Leveille (014395)
Counsel for Mickey Watson
Riverview Tower, Suite 2100
900 South Gay Street
Knoxville, Tennessee 37902
(865) 525-7313